UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO DUQUE, | ) | CASE NO.: 1:06CV2987 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Ricardo Duque's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Respondent Stuart Hudson, Warden, has filed an answer and return of writ, and Magistrate Judge Kenneth S. McHargh has issued his Report and Recommendation ("Report"). In his Report, the Magistrate Judge recommended that the petition should be denied. Petitioner timely filed objections to the Report. This Court, having reviewed the Report and Petitioner's objections, hereby ADOPTS the Report with explanation. The writ of habeas corpus is therefore DISMISSED.

The Court will not enter into a discussion of the facts or procedural history as an extensive discussion of such was done by the Magistrate Judge in his Report. Under Federal Rule 72(b) and 28 U.S.C. § 636, this Court must review *de novo* the portion of the Magistrate Judge's Report to which a specific objection was made. Although Petitioner makes a general objection to all findings in the Report, the Court will address only the specific objections:

1. The Magistrate erred by finding that Petitioner's claim regarding cruel and unusual punishment was procedurally defaulted;
2. The Magistrate erred by finding that Petitioner's claim for ineffective assistance of appellate counsel does not excuse the procedural default;

3. The Magistrate erred by finding that trial counsel's performance comported with *Strickland v. Washington*; and
4. The Magistrate erred by stating that the standard to be applied was *de novo* but then applied the AEDPA standard.

Upon a *de novo* review of the Report in light of the objections raised, this Court agrees with the Magistrate Judge's Report and ADOPTS it as its own.   No further articulation of the Court's reasoning is necessary.  *Tuggle v. Seabold,* 806 F.2d 87, 92 (6th Cir. 1986).   The Court does, however, offer an additional explanation for Petitioner on his fourth objection.

Petitioner is mistaken that the Magistrate applied deference to the State Court's evidentiary finding based on the AEDPA.   The U.S. Supreme Court stated, in *Estelle v. McGuire,* that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."   502 U.S. 62, 67-68 (1991).

This Court hereby certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. §2253(c); Fed. R. App. P. 22(b).   The above action is hereby DISMISSED.

So Ordered.

Date: February 20, 2008

　*s/Judge John R. Adams*
JUDGE JOHN R. ADAMS
U.S. DISTRICT COURT